Donald A. SMITH, Appellant,

v.

Sarah S. SMITH, Appellee.

No. 7586.

District of Columbia Court of Appeals.

Argued Jan. 22, 1974.

Decided Sept. 10, 1975.

Richard J. Hopkins, Washington, D. C., for appellant.

Elizabeth Guhring, Washington, D. C., for appellee.

Before REILLY, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

PER CURIAM:

The parties to this action were married in the District of Columbia in 1962 and lived together here until September 1969, at which time the husband left the household. In October 1970, the wife was granted custody of their two minor children, and the husband ordered to pay $350 per month in child support. In January 1971, the husband sued for divorce on the ground of voluntary separation for one year without co-habitation, and filed a motion to reduce the support payments ordered in October 1970.

The husband filed a similar motion in January 1973, alleging material changes in the wife's income and the children's financial needs. After an evidentiary hearing, the trial court ordered a reduction in the monthly payments to $300, and ordered the wife to render an accounting for the profits received from property held in common from which she was collecting rent. Dissatisfied with this modification of the order, the husband appealed.

The substance of the husband's argument here is that his former wife has taken up residence in Germany as an employee of the Department of Defense and that the salary from her new job plus certain other related benefits (i. e., free housing, the use of a military commissary, and free schooling for the children) should have caused the court to require the wife to bear a greater share of the burden of raising the children. Prior to moving to Germany, the wife was paying $165 per month for private schooling for the children, and was making mortgage payments of $165 per month on the family dwelling which is owned in common by the couple. Such house is now occupied by a tenant who pays a monthly rent to the wife of $275,

thus enabling her to realize a net profit of approximately $90 after deducting the mortgage payment and a rental agent's fee.

Both parties to this action were employed at the time the original support order was entered. The husband's annual salary then—he is a police officer—was $12,000, but has since been raised to $14,000. Over the same period of time, the wife's pay had increased from $12,000 a year to $13,035.

At the time of the hearing on this motion, the husband was in arrears in his monthly payments in the amount of $4,029 notwithstanding what the court described as "good faith efforts" to meet the obligation imposed by the decree.

■ It is well established that a divorced wife is entitled to an order compelling her former husband to contribute to the cost of raising children of the marriage over whom she has been granted custody. There is no exact formula for arriving at an equitable figure for the amount of the husband's contribution, but the correct approach for a court in framing an order requires "balancing the many factors surrounding both the pecuniary situation of the father and the reasonable needs of the minor children." *Hamilton v. Hamilton*, D.C.App., 247 A.2d 421, 422 (1968). Trial judges exercise broad discretion in making such support orders and, once entered, they are not to be disturbed except for an abuse of discretion. *See, e. g., Dawson v. Dawson*, D.C.App., 193 A.2d 70 (1963). After a support order has been entered, the Family Division of the Superior Court retains jurisdiction over the matter so that in the event a party is able to show a substantial change in circumstances, the court may modify the original order. D.C.Code 1973, § 16–914.

■ The power of the court to require a husband to help support his issue,

however, extends only so far as the husband's ability to pay. Although the husband bears an absolute duty to support his natural progeny, the courts in enforcing such obligation must be mindful of the husband's well being and must refrain from the imposition of unduly burdensome financial terms. *See Truslow v. Truslow*, D.C.App., 212 A.2d 763 (1965); *DeSipio v. DeSipio*, D.C.Mun.App., 186 A.2d 624 (1962).

■ When presented with a motion to modify or reduce a child support order, it is incumbent upon the trial judge to make written findings of fact and conclusions of law with respect to all material issues. Super.Ct.Dom.Rel.R. 52. This exception to the general rule with respect to the disposition of motions is intended to facilitate informed review:

Under the rules of procedure the Domestic Relations Branch is required to make findings of fact and conclusions of law. The rule is designed to insure the decision of cases according to the evidence and law, rather than upon extralegal considerations, and to apprise the parties and a reviewing court of the basis and validity of decisions thus rendered. The requirement of findings is not a technicality, for if the finding rests on a determination of credibility, that decision is binding on a reviewing court. If, on the other hand, the finding is grounded on the evidence itself, a reviewing court may decide whether there is substantial support in the evidence for the finding. [*O'Lea v. O'Lea*, D.C. Mun.App., 138 A.2d 486–87 (1958) (footnotes omitted)].

Any doubt as to whether the requirement of making findings applied to motions to reduce support orders as well as to initial support determinations was removed in *Sheridan v. Sheridan*, D.C.App., 267 A.2d 343 (1970).

■ The opinion and order entered in the instant case contain findings sufficient, in our opinion, to enable this court to review the issues raised below. Nevertheless, appellant contends that such findings are inadequate because the court was silent on the matter of the husband's ability to pay. The absence of such findings, had this been an issue, would be troublesome in this case as the husband is already laboring under a sizable arrearage, notwithstanding what the trial court termed "good faith efforts" to comply with the prior order. But as the record discloses that the question was not raised in the trial court, it is not within the province of this court to pass on the matter unless and until it has been litigated in some future proceeding between the parties.

Affirmed.