Leonard B. TENNYSON, Appellant,

v.

Alison G. TENNYSON, Appellee.

No. 11816.

District of Columbia Court of Appeals.

Submitted Sept. 27, 1977.

Decided Dec. 28, 1977.

John W. Karr, Washington, D.C., was on the brief for appellant.

Alfred S. Fried, Washington, D.C., was on the brief for appellee.

Before NEWMAN, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

Leonard Tennyson appeals from two orders [1] of the trial court modifying his duty to make payments in support of his child, Leslie, in the custody of his former wife, Alison Tennyson. He asserts that there was insufficient evidence to support the trial court's conclusions respecting the amount of support payments in either case. We agree.

Leonard Tennyson was ordered in 1967 to pay $400 per month as support for his wife and child. This order, which also denied Alison Tennyson's complaint for divorce, was affirmed in *Tennyson v. Tennyson*, D.C.App., 263 A.2d 643 (1970). Leonard Tennyson was granted a divorce in 1971, at which time he was ordered to pay unallocated alimony and child support of $535 per month. Cross-motions to increase and re-

---

1. The first order in this case was appealed by Leonard Tennyson. We remanded the cause in view of the then-pending proceedings which resulted in the second order. D.C.App. No. 11285 (Sept. 29, 1976). By order dated Nov. 1, 1977, the record in this case was supplemented by the record in No. 11285.

duce this amount were heard in June 1976,[2] and an order was entered in July eliminating alimony and fixing child support at $600 per month. Because a reduction in Leonard Tennyson's income was anticipated, a financial review hearing was scheduled for October, 1976. Upon that hearing, the trial court determined that the support payments be reduced to $375 for October, November, and December, 1976, and maintained thereafter at $500 per month. We need address only the July 1976 order.

■ Modification of a final decree of child support is justified only when the proponent of change bears the burden of proof that there has been a material change in the needs of the child or the ability of the parents to pay. *Hamilton v. Hamilton*, D.C. App., 247 A.2d 421 (1968).[3] The trial court found, with ample support in the record, that the relative circumstances of the parents changed dramatically between 1971 and the June, 1976, hearing. While Leonard Tennyson's financial position remained relatively stable [4] during this period, Alison Tennyson's income increased from approximately $1,050 per year to more than $20,000 per year, and her assets from approximately $25,000 to more than $100,000, exclusive of her share in a million-dollar trust fund.

The change would have supported a modification of the combined alimony and support award of $535 per month, of which $269 was found to be child support.[5] While, however, the court eliminated alimony (with reservation to reinstate), it raised Leonard Tennyson's child support obligation to $600 per month. This modification could be supported only by a finding that the child's needs had so greatly changed as to outweigh the relative decline in Leonard Tennyson's ability to pay. Although the trial court found that the child's needs in June, 1976, required the expenditure of $850 per month, there is no finding with respect to how much of this amount, if any, represents a change in the child's needs from 1971.

■ This failure is wholly understandable since the 1971 order failed to include any findings with respect to the sum required to support the child or any of the components of that sum. Since the allegations before the court in 1971 were fully contested, the trial court in the instant case had no way of knowing the basis for the 1971 order and, therefore, no means of comparing that basis to the circumstances existing in 1976. Yet such a comparison is necessary in order to give full effect to the finality of the 1971 order. Modification is not "a procedural means for reviewing the equities of the prior decree." *Hamilton v. Hamilton, supra* at 423. While a trial court

---

2. Alison Tennyson filed a motion to increase support payments in November 1972, which motion was heard and granted by Judge Washington in January 1974. Alison Tennyson moved for "reconsideration" of that order, alleging that the increase ordered was insufficient, and the motion was granted. Leonard Tennyson then moved for reduction of the 1971 award upon the theory that the grant of the motion for reconsideration made the January 1974 order non-final. Judge Green, in a meticulously well-reasoned opinion, concurred in Leonard Tennyson's view of these proceedings and proceeded to hear all motions as cross-motions for modification of the 1971 order. Neither party challenges the validity of Judge Green's view of these proceedings.

3. Although *Hamilton* speaks only of a change in the father's ability to pay since only that factor was in issue, it is clear that the ability of both parents must be considered. D.C.Code 1973, § 16–916(a) (Supp. IV, 1977). In *Sheridan v. Sheridan*, D.C.App., 267 A.2d 343 (1970),

it is said that while a decrease in the father's ability to pay will justify a decrease in support payments by him, an increase in that ability will not, of itself, justify an increase. *Id.* at 346–47. This dicta (since no increase in the father's ability to pay was shown), however, appears overcome by the subsequent legislative mandate, cited above, that we consider both parents as potential sources of support. To ignore a change, occasioned by increase in the father's income, in the relative abilities of the parents to support their child would seem inconsistent with this mandate.

4. His gross income during this period remained at approximately $36,000, although his assets grew from approximately $25,000 to more than $46,000.

5. This finding, not contested on appeal, was made by Judge Washington (*see* note 2, *supra*) and was not modified by Judge Green.

has broad discretion in making an original award of alimony or support, *Smith v. Smith*, D.C.App., 344 A.2d 221, 223 (1975), its discretion is limited when modifying such an order by the requirement that the modification be anchored in the original decree and reflect only changes since that decree. *Id.; Hamilton v. Hamilton, supra.*

■ The logic of this analysis would appear to preclude any modification based upon a change in the child's needs in this case. Because, however, the 1971 order did not delineate the child's needs, those needs have not become fixed.

> A fact found in a case becomes adjudicated only when it is shown to have been the basis of the relief, denial of relief, or other ultimate right established by the judgment; the reasoning and opinion of the court on the subject, on the evidence before it, do not have the force and effect of the thing adjudged, unless the subject matter is definitely disposed of by the judgment of the court. [46 Am.Jur.2d *Judgments* § 426 (1969) (footnotes omitted).]

Nor are the parties precluded from relitigating particular evidentiary facts which were not the ultimate facts upon which the prior decision rested. *Yates v. United States*, 354 U.S. 298, 335–38, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957); *United States Fidelity & Guaranty Co. v. McCarthy*, 33 F.2d 7, 11 (8th Cir. 1929). The ultimate facts necessary for decision in the 1971 case were that the child and mother required $535 per month from the father and that the father was able to pay this amount. The evidentiary facts, as they existed in 1971, which contributed to these ultimate facts may, therefore, be relitigated in a modification proceeding, provided that they were presented for resolution to the court in 1971.[6]

■ The proceedings in this case illustrate the necessity of compliance with the requirement that the court "make written findings of fact . . . which constitute the grounds of its action." Super.Ct.Dom. Rel.R. 52(a). One of the purposes of this rule is to ensure that litigated facts and issues are sufficiently detailed to bring into effect the doctrines of finality. *See* Advisory Committee Note to 1948 Amendment of Fed.R.Civ.P. 52(a), 5 F.R.D. 433, 471 (1946). Since the grounds for modification must be a change in circumstances, those changes must be detailed, not only to support the modification but to prevent the relitigation of facts and issues in the future. *See Sheridan v. Sheridan*, D.C.App., 267 A.2d 343, 346 (1970). A finding, for example, that the child's educational expenses have increased by $100 per month might be sufficient to support a modification. But, unless the court also finds the amount of the child's educational expenses, that fact will have to be relitigated when, in the future, one of the parties seeks modification based upon another change in that expense.

■ We do not, by our discussion of the child's needs, imply that the trial court's findings with respect to the parents' ability to pay were wholly adequate. Alison Tennyson claimed, for example, debts of $19,055 in reduction of her assets of $127,646. Approximately $6,000 of this debt was found to be a loan from her father on which no payment had been made for two years. There is, however, no finding as to the validity of that debt for the purpose of reducing her ability to support the child. Such a finding is likewise necessary not only to support the court's order of modification but to enable a future court to determine the extent of any change in her circumstances.

The second modification order in this case, issued after the October hearings, was premised upon the validity of the first order. We need not discuss its merits except to note that the findings and conclusions therein are sufficiently tainted by the court's reliance upon the unsupported conclusions of the first order to warrant vacation.

---

6. Facts which were not presented for resolution in 1971 may not, of course, be litigated now, for the 1971 decision was necessarily based upon the absence of all relevant facts not presented in evidence. *See Calvin v. Calvin*, 94 U.S.App.D.C. 42, 214 F.2d 226 (1954).

For the reasons stated in this opinion, the order entered on July 29, 1976, is vacated insofar as it modifies the prior order requiring the payment of $535 per month in combined alimony and child support;[7] the order entered on December 6, 1976, is vacated; and this cause is remanded for such further proceedings as may be necessary to make findings and conclusions in accordance with this opinion.

*So ordered.*

7. Portions of this order were not contested on appeal. The provisions, therefore, affecting visitation rights and payment of non-recurring psychological therapy expenses are unaltered. Although Alison Tennyson has not appealed the court's remission of alimony, we view the original combined award of alimony and support as integral. Remission of alimony, therefore, should be considered in light of all the findings of changed circumstances which support the modification order.