No. 14489

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

IN RE THE MARRIAGE OF JACINTA MAE
JERMUSON,

        Petitioner and Appellant,

    -vs-

DENNIS CARTER JERMUNSON,

        Respondent and Respondent.

_____

Appeal from:  District Court of the Ninth Judicial District,
            Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

    For Appellant:

        Gale R. Gustafson, Conrad, Montana

    For Respondent:

        David H. Nelson, Brady, Montana

_____

Submitted on briefs: February 28, 1979

Decided:  MAR 2  1979

Filed:  MAR 2  1979

_Thomas J. Kearney_
          Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant Jacinta Mae Jermunson filed a petition for dissolution of marriage against Dennis Carter Jermunson on February 2, 1978, after approximately four years of marriage. On March 6, 1978, she filed an amended petition, and the matter was heard the same day by the Honorable Ronald D. McPhillips. The parties agreed to the entering of a decree of dissolution reserving with the court rulings on the question of property and support for petitioner.

On March 24, 1978, the district judge entered findings of fact, conclusions of law, and a decree. Determination of the property rights were reserved until a later date. The property settlement was decreed by the District Court on July 14, 1978. From these findings of fact, conclusions of law, and decree petitioner appeals.

Two issues are presented on appeal:

1. Did the District Court err in its distribution of marital property?

2. Did the District Court err in failing to provide maintenance for a period sufficient to enable petitioner to obtain appropriate education or training?

The parties were married on February 8, 1974. At the time of the marriage petitioner had not finished high school. She did not attend school during the marriage, although schooling was available to her. She had no marketable skills or vocational training and no outside income other than a job she has held. Petitioner desires to obtain vocational training to become a nurse.

Respondent is a high school graduate and has had training in the military as a diesel mechanic. At the present

time he farms some 80 acres of land which was given to him by his father. He is employed by his father as a farmer and is capable of doing outside carpentry, backhoe work and general repair work. The parties had an adjusted gross income in 1977 of $14,601.59.

During their marriage the parties lived in a mobile home located in Brady, Montana. This mobile home was purchased for $8,900 for use as the marital home. Payments were made on the mobile home during the course of the marriage.

During the marriage, the parties paid for a 1972 Thunderbird automobile which had previously been purchased by the husband and his father and also had paid for a 1974 Jeep pickup. They acquired personal property in the course of their marriage and approximately 70 percent of this property was taken by respondent when the marriage failed.

Prior to the marriage, as noted, respondent had acquired 80 acres of land from his father, a 1968 Ford truck, tool box, motorcycle, snow mobile, a Willy's C-J Jeep, a dishwasher, and a dryer. Petitioner contributed to the assets of the family by her homemaking, aiding her husband's work at times, and contributing some of her small income to the marriage.

Directing our attention to the first issue, we find no error in the trial court's distribution of the marital property. Both parties were young when married. Petitioner was not out of high school and did not possess any property other than wedding gifts. Respondent, five years older than petitioner, had acquired some property and had been given property by his father. In four years of marriage, the parties acquired little property other than personal items

-3-

which were divided by the trial judge at the time of the dissolution. Due to indebtedness on the part of the couple, property was acquired and sold. At the time of the dissolution, the court estimated that the parties were in debt in excess of $20,000. This figure was in error, however, and the total debt amount, according to the transcript, was approximately $11,000. The court required respondent to assume that debt, so petitioner is left free of any debts that accumulated during the marriage.

Since the adoption of the Uniform Marriage and Divorce Act which became effective in Montana on January 1, 1976, this Court has had numerous cases which control the distribution of marital property according to the Act. See Vivian v. Vivian (1978), ____ Mont. ____, 583 P.2d 1072, 35 St.Rep. 1359; In re Marriage of Reilly (1978), ____ Mont. ____, 577 P.2d 840, 35 St.Rep. 451; and In re Marriage of Johnsrud (1977), ____ Mont. ____, 572 P.2d 902, 34 St.Rep. 1417.

The trial court did not abuse its discretion and followed the statutes and case law in Montana. We find no merit to this first issue.

As to the second issue, whether or not the trial court abused its discretion in awarding petitioner $1,500 at the time of the dissolution, we find no abuse of discretion. The trial court found, and properly so, that the parties had acquired no net worth during the course of their marriage. Petitioner claims she is not receiving her just due from the marriage in the amount of $1,500 and that the amount is insufficient. Petitioner should recognize, however, that under section 36-103, R.C.M. 1947, now section 40-2-102 MCA, she has a joint and mutual obligation to pay for the necessities of the marriage. The District Court required respon-

dent to assume all debts, freeing petitioner of these obligations which approximate $5,500 (her one-half of an $11,000 indebtedness).

The District Court considered all the facts and determined neither party at fault. We find no error in the District Court's award of $1,500 to petitioner.

In not awarding maintenance to petitioner under section 48-322, R.C.M. 1947, now section 40-4-203 MCA, again the trial court is required to balance the needs of the parties. Here the court found that the parties were both capable of working and that no maintenance was required.

This Court in Porter v. Porter (1970), 155 Mont. 451, 457, 473 P.2d 538, held that:

> ". . . a reviewing court is never justified in substituting its discretion for that of the trial court. In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but, rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice."

Here the District Court did not act arbitrarily or exceed the bounds of reason. The judgment at the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-