Hillsborough
No. 79-072

LORI–JEAN BOURDON

v.

DOUGLAS R. BOURDON

June 27, 1979

*John F. Bielagus*, of Amherst (*Ellen L. Cronin* orally), for the plaintiff.

*Douglas R. Bourdon*, pro se, by brief and orally.

PER CURIAM. The issue in this libel for divorce is whether the trial court exceeded its jurisdiction and abused its discretion in its decree concerning the division of property and the apportionment of liability for certain debts of the parties.

On August 18, 1973, the parties became engaged to be married and the defendant gave the plaintiff a diamond ring valued at $1,800. They were married on June 14, 1975. Plaintiff continued to attend college in Providence, Rhode Island. She had certain college loans, some of which had been obtained before the marriage. Defendant began the study of law in Virginia in September 1975. A newly constructed house owned by defendant's parents was rented by the parties and they also maintained residences in Virginia and Rhode Island where they were attending school.

Plaintiff claims that in order to maintain these residences through April 1976, she continued to borrow by way of student loans. After graduation, plaintiff became employed as a computer analyst to earn money as the primary source of income for both parties. In December 1977, defendant purchased a 1977 Cadillac allegedly without plaintiff's knowledge or consent.

In March 1978, defendant filed a petition for a legal separation and plaintiff filed a libel for divorce. After a hearing before a Master (*Peter J. Bourque*, Esq.) without a record, the court decreed a divorce for the cause of irremediable breakdown of the marriage. RSA 458:7-a (Supp. 1977). Each party was made responsible for certain specified joint obligations. Plaintiff's share totaled $3,255, and defendant's share, $2,700. Defendant was awarded the Cadillac and certain other assets. The plaintiff was awarded the diamond engagement ring and certain household items. The court further ordered that the defendant be responsible for one-third of the plaintiff's student loans, and that he reimburse the plaintiff for one-third of all payments made by her.

Defendant argues that the court was without jurisdiction "to make one party solely liable for the joint obligations of both parties." The question whether the court has authority between the debtors and

creditors to relieve one of the parties of the obligation has no bearing on the authority of the court to fix the debtor parties' responsibilities between themselves. The court's order in this case related only to the fixing of responsibility as between the parties and not as to the creditors and was within its jurisdiction. RSA 458:19. Considering the fact that plaintiff was made responsible for more of the joint debts than defendant, and because no transcript of the evidence was made, we cannot say that there was any abuse of discretion. *Cotter v. Cotter*, 119 N.H. 426, 402 A.2d 198 (1979).

Relying upon RSA 460:3, defendant contends that the court lacked jurisdiction to make him responsible for plaintiff's student loan debts incurred before the marriage. RSA 460:3 provides: "Marriage shall not render the husband liable for the debts contracted by his wife prior to their marriage."

This statute, which appears in a different chapter than the divorce statute, relates to the wife's obligation to creditors and does not restrict the court in a divorce action from apportioning responsibility between the parties. RSA 458:19 empowers the court to "assign to [the wife] such part of the estate of her husband, or order him to pay such sum of money, as may be deemed just."

The effect of the court's order was to require the defendant to pay to the wife a sum of money equaling one-third of her premarital debts including interest. Such an order is authorized by RSA 458:19, is not precluded by RSA 460:3, and in no way grants any rights to the creditor. Here again, in the absence of a record, we cannot say the order was unreasonable. *Greenglass v. Greenglass*, 118 N.H. 570, 391 A.2d 890 (1978).

The final issue involves the engagement ring. Defendant relies on *Gikas v. Nicholis*, 96 N.H. 177, 71 A.2d 785 (1950). That case, however, was an action of trover by the donor after the engagement was broken. No marriage had taken place. In the case before us, it was clearly within the authority of the court under RSA 458:19 to award the ring to the plaintiff.

*Exceptions overruled.*