William T. POWELL, Appellant,

v.

Gloria Wright POWELL, Appellee.

Nos. 82–448, 82–484.

District of Columbia Court of Appeals,

Submitted Dec. 14, 1982.

Decided Feb. 11, 1983.

Mark B. Sandground and Frances F. Rogala, Washington, D.C., were on the briefs for appellant/cross-appellee William T. Powell.

Herbert B. Dixon, Jr., Washington, D.C., was on the brief for appellee/cross-appellant Gloria Wright Powell.

Before KERN and PRYOR, Associate Judges, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

On cross-appeals from the entry of a judgment of absolute divorce, determination of child custody and adjustment of property rights, appellant [1] argues that the trial court erred in failing to consider as marital property all shares of stock acquired by appellee during the marriage, and appellee contends that insufficient findings exist as to appellant's financial status and their minor child's needs to sustain the court's order of child support.[2] We affirm the trial court's property disposition but remand for supplementary findings regarding payment of support.

Appellant, William T. Powell, and appellee, Gloria Wright Powell, were married in 1974. Their only child, William E. Powell, was born four years later. The parties separated and have lived apart since 1979; the child resides with the mother. In February 1980, appellant filed for absolute divorce, and six months later, appellee filed a counterclaim. After four days of hearings, the trial court awarded judgment to appellee and adjudicated other rights. Property disposition included 182 shares of IBM stock; the court divided seventeen shares

---

1. For purposes of clarification, William Powell, appellant/cross-appellee, is deemed appellant, and Gloria Powell, appellee/cross-appellant, is deemed appellee.

2. Appellant and appellee press other claims for relief challenging, inter alia, distribution of equity in the marital home, an order requiring sale of real estate, an order requiring repayment of certain monies owed to the District of Columbia, and the denial of attorney's fees. Our review of the record finds these allegations insubstantial.

equally and awarded the balance to appellee. The court also granted child custody to appellee, reserved to appellant liberal visitation rights, and awarded appellee $200 per month child support.

Appellant challenges the trial court's disposition of the IBM stock. The evidence established that prior to separation appellee held in her name sixteen shares of IBM stock, and jointly owned another share with appellant. After separation but prior to divorce, appellee obtained an additional 165 IBM shares through an employment purchase plan authorizing stock acquisition in lieu of ten percent of her salary. The trial court distributed equally the seventeen shares acquired prior to separation and awarded the balance of stock to appellee. Appellant argues that the trial court erred in finding the majority of stock to be the "sole and separate property" of appellee, D.C.Code 1981, § 16–910(a), rather than marital property subject to equitable distribution, D.C.Code 1981, § 16–910(b).

■ A trial court is accorded broad discretion in adjusting property rights of parties incident to divorce. *Leftwich v. Leftwich,* D.C.App., 442 A.2d 139, 142 (1982); *Benvenuto v. Benvenuto,* D.C.App., 389 A.2d 795, 797 (1978). D.C.Code 1981, § 16–910 provides that, upon entry of a final divorce decree, the court shall:

(a) assign to each party his or her sole and separate property acquired prior to the marriage, and his or her sole and separate property acquired during the marriage by gift, bequest, devise, or descent ...; and (b) distribute all other property accumulated during the marriage, regardless of whether title is held individually or by the parties in a form of joint tenancy or tenancy by the entireties, in a manner that is equitable, just and reasonable, after considering all relevant factors ....

As long as a trial court properly applies the statutory guidelines and considers "all rele-

vant factors," its conclusion will not be disturbed on appeal. *See Benvenuto v. Benvenuto, supra.*

■ Our review of the record indicates that the trial court's disposition comported with the relevant factors set forth in D.C. Code 1981, § 16–910. Appellee argued at trial that only the share of jointly held stock was subject to property division. The court disagreed, stating,

Whether they are joint or severally owned, under the Code it doesn't make any difference, unless they were shares she brought before—prior to the marriage or came in devised gifts, or otherwise it's all "community" property under the statute. [It] [d]oesn't make any difference whose name they are listed under .... [Appellee] doesn't have any vested right in [the stock].

Appellant asked if the court desired additional testimony regarding stock acquired by appellee after the separation, arguing that the difference between stock acquired before and after separation was at issue. The court again ruled, "It's [the stock] an asset accumulated during the marriage." The court noted, however, that "Certainly, the equities [in favor of appellee] are much stronger after the separation." Despite its inartful findings of fact,[3] the court properly recognized as marital property the balance of IBM stock. The court could also find, as it did, that disposition to appellee of shares acquired after separation and in lieu of ten percent of her salary is "equitable, just and reasonable." *See* D.C.Code 1981, § 16–910(b) (court shall consider each party's contribution to acquisition of assets). We will not disturb the trial court's considered conclusion. *Benvenuto v. Benvenuto, supra.*

Appellee also contends that the trial court determined child support payments without benefit of findings regarding the child's needs or appellant's financial capability. At trial, appellee asked for $375 per month in child support, introducing uncon-

---

**3.** The court stated that prior to separation, appellant and appellee "acquired 17 shares of IBM stock which the court finds were jointly owned by them," and that "[a]ll other shares of stock acquired by appellee are her sole and exclusive property."

troverted evidence that average monthly expenses for the child amounted to $673.61, including costs of enrollment in a day care center. Appellee is employed as an IBM systems engineer, with a gross salary of $30,840 per annum at the time of trial. Appellant is an insurance salesman earning $28,000 a year.[4] Asked to state a reasonable amount of child support, appellant replied, "I haven't considered that at this time." The trial court's findings of fact on this issue indicated "that $200 per month is a sufficient amount for the support of the child, and that Plaintiff William Powell has the financial ability to contribute to same."[5]

■ A trial court's order of child support will not be reversed on appeal absent abuse of discretion. *Benvenuto v. Benvenuto, supra* at 798–99. Because the "correct approach" involves balancing "the many factors surrounding the pecuniary situation of the family and the reasonable needs of the child," *id.; see Smith v. Smith,* D.C. App., 344 A.2d 221, 223 (1975), we have repeatedly held that a trial court does abuse its discretion if it fails to make any findings with regard to the child's needs. *Benvenuto v. Benvenuto, supra* at 799; *see Brice v. Brice,* D.C.App., 411 A.2d 340, 345 (1980) (remand required where "no trial court finding specifically addresses the issue of the needs of the child"); *Moore v. Moore,* D.C.App., 391 A.2d 762, 771 (1978) (record must reflect "relatively thorough investigation" of child's needs); *Wood v. Wood,* D.C. App., 360 A.2d 488, 491–92 (1976) (abuse of discretion where court awarded support payments without "any attempt to deter-

mine the actual needs of the children"); *cf. Smith v. Smith, supra* (incumbent upon trial judge ordering child support to make written findings of fact with respect to all material issues). Specific findings are necessary in order for the reviewing court to ascertain whether or how conflicting claims at trial were resolved. *Benvenuto v. Benvenuto, supra.* Thus, "the critical question is whether the record contains sufficient findings as to the ultimate controverted issues in the case" to determine whether the trial court considered all relevant matters and to review its conclusions. *Id.*

■ Although the trial court sufficiently considered appellant's financial capabilities, *see* footnote 4, *supra,* the record is devoid of specific findings as to the reasonable needs of the child. Appellee introduced evidence indicating that average expenses for the child amount to $673.61 per month. Appellee asked for $375 in support; the court, without any factual findings, awarded $200. On the record we are unable to resolve the conflict between appellee's request and the trial court's ruling that $200 is a "sufficient amount," for we lack a factual basis from which to review the child's "actual needs." *Wood v. Wood, supra.*[6] Without further factual illumination, the trial court's conclusory findings as to the "ultimate controverted fact" of child support are insufficient. *Benvenuto v. Benvenuto, supra.*

Accordingly, the record is remanded to the trial court with directions to make written findings of fact and separate conclusions of law as to the reasonable needs of the child and the appropriate level of support payment required of appellant.[7] Oth-

---

**4.** The trial court discussed the nature and stability of appellant's employment position in responding to appellee's request for an escalation clause in determining child support:

> If he [appellant] had a Government job, that would be easier [to calculate] because he would have job security, but I gather he's a commission operator and at a difficult time .... He might hit it rich or he might suffer ... [T]he tax bill, I gather will hurt a lot of insurance people because there won't be the need for insurance for purposes of ... pay-

ing off real estate taxes with the State laws changing so.

**5.** The court amplified this finding by noting only that "that's almost half what's the minimum support income of an entire family in our current market."

**6.** We do not know, for example, whether the trial court found credible appellee's financial statement. *See Brice v. Brice, supra.*

**7.** It is not clear whether the trial court, in ordering the cost of the educational needs of

erwise, the trial court's order is affirmed in all other respects.

*So ordered.*

the child of the marriage to be divided evenly between the parties, intended that pre-kinder-garten expenses be considered a joint financial obligation of the parties.