Porter LAWSON, et al., Appellants,

v.

**SEARS, ROEBUCK & COMPANY,**
Appellee.

No. 83–353.

District of Columbia Court of Appeals.

Submitted Dec. 15, 1983.

Decided March 7, 1984.

Porter Lawson, pro se.

Joseph Sperling, Rockville, Md., for appellee.

Before KERN, TERRY and ROGERS, Associate Judges.

PER CURIAM:

Appellants Porter L. Lawson and Rosetta Lawson are husband and wife. In November 1967, appellant-husband opened a Revolving Charge Account with appellee Sears Roebuck & Company (Sears). Two credit cards were issued to him bearing his name alone. Although the account was opened in his name, items were admittedly charged to the account by *both* husband and wife. (Appellant-husband had placed appellant-wife's name on the application for the card as an authorized purchaser.) Purchases were made on the account until May 1980.

On May 21, 1981, after the account had become delinquent, Sears filed suit against both appellants. The trial court entered a summary judgment against appellant-husband on October 15, 1981 in the amount of $2,452.19, but denied the motion by Sears for such judgment as to appellant-wife and scheduled the case for trial.

Prior to trial, two Requests for Admissions were directed to appellant-wife and she answered, admitting that their purchases on the Sears account were for household items and that $2,452.19 was the correct amount of the debt. Appellee then moved for judgment on the pleadings which was granted on March 15, 1983.

Appellants now claim that the court erred in granting judgment against appellant-wife on the ground that the husband, having opened the account in 1967, is solely liable for the debt accrued at the time Sears filed suit.

D.C.Code § 30–211 (1973), the applicable statute at the time the account was opened, rendered the husband liable for his wife's purchases of their household necessities. This statute was repealed in 1976 and replaced by D.C.Code § 30–201 (1981) which states in pertinent part "that *both* spouses shall be liable on any debt, contract or

engagement entered into by *either of them* during their marriage for necessaries for either of them or their dependent children." (Emphasis added.)

We reject appellants' contention that their respective liability is to be determined by the statute in effect at the date the husband opened the account with Sears. Rather, we deem that the plain language of the statute, as enacted in 1976 and in effect at the time Sears filed the suit, imposes liability on *both* spouses for debts incurred by *either* of them during the marriage. Accordingly, the trial court's judgment on the pleadings in favor of Sears against appellant-wife must be and hereby is affirmed.

*So ordered.*