**Maria Wilson BOWSER, Appellant,**

v.

**Samuel Scott BOWSER, Appellee.**

**No. 84–1487.**

District of Columbia Court of Appeals.

Argued Oct. 18, 1985.
Decided Oct. 7, 1986.

Ann Marie Dobmeyer, Washington, D.C., for appellant.

Vanessa M. Carpenter, Washington, D.C., for appellee.

Before MACK,* ROGERS, and STEADMAN, Associate Judges.

ROGERS, Associate Judge:

This is an appeal from a judgment distributing marital property. The issues presented on appeal are whether (1) there was sufficient evidence to support an award of a $10,000 equity to Mr. Bowser in the marital home, and (2) he was legally responsible for all of Mrs. Bowser's medical bills. We hold the trial court's findings of fact do not support its conclusions making the equity award and directing Mr. Bowser to submit health insurance forms for only one of Mrs. Bowser's medical creditors. Accordingly, we reverse and remand.

---

* Associate Judge Mack concurs only in the remand for reconsideration. Associate Judge Ferren participated at oral argument but subsequently recused himself from the case. I.O.P. VII C.

## I

▮▮▮▮▮ A trial court is granted considerable discretion in distributing marital property to parties to a divorce action. *Powell v. Powell,* 457 A.2d 391, 393 (D.C.1983); *Leftwich v. Leftwich,* 442 A.2d 139, 142 (D.C.1982); *Benvenuto v. Benvenuto,* 389 A.2d 795, 797 (D.C.1978). D.C.Code § 16–910 (1981) provides broad authority to the court by allowing distribution of property accumulated during marriage in any manner that is "equitable, just, and reasonable." To comply with § 16–910, the court must consider all relevant factors, which vary in each case, and arrive at a disposition based upon an assessment of the totality of the circumstances. *Turpin v. Turpin,* 403 A.2d 1144, 1147 (D.C.1979); *Benvenuto v. Benvenuto, supra,* 389 A.2d at 797. So long as the trial court considers all relevant factors, its conclusions will not be disturbed on appeal. *Powell v. Powell, supra,* 457 A.2d at 393; *Benvenuto v. Benvenuto, supra,* 389 A.2d at 797. However, the trial court's findings of fact, conclusions of law and judgment, taken together, must present an integrated, internally consistent and readily understood whole.

## II

The trial court found that the parties had purchased the marital home for $75,000 in 1981; that they had financed it with a $25,000 down payment from Mrs. Bowser's family; and that, at the time of trial in 1984, the value of the property was still $75,000. The trial court, therefore, had to decide how the equity in the home earned during the period of the parties' marriage should be divided. *Cf. Ward v. Ward,* 449 A.2d 443, 447–48 (Md.Ct.Spec.App.1982) (where home had appreciated in value, court was obliged to consider parties' respective entitlement to share in appreciation as well as division of earned equity). The court did not make a finding of fact of the amount of equity in the home as of the trial date. Mrs. Bowser maintains that the equity was limited to approximately $25,-

000, the amount of the down payment, which the trial court credited to her. Consequently, she argues that the court's award of $10,000 of equity to Mr. Bowser— "several thousand dollars short of half"— was excessive, since he made minimal contributions to the property and even attempted to foreclose on it.

In dividing the equity in the marital home the trial court found that:

[Mrs. Bowser's] contribution to the acquisition and preservation of the property far outweighed that of [Mr. Bowser]. While he did contribute to closing costs, the defendant did little more to further the parties' interest in the home as evidenced by his attempts to have the home foreclosed upon by the mortgage holder and his removal of joint and personal property from the house. The court concludes that in light of this behavior on the part of [Mr. Bowser], he is not entitled to equal partnership in the house.

▮▮▮▮ If Mrs. Bowser's contention that the equity in the home was limited to $25,000 is correct, then it is difficult to reconcile the $10,000 award to Mr. Bowser with the court's determination that her contribution "far outweighed" that of Mr. Bowser and that he was not entitled to equal partnership in the house. Further, the award would be inconsistent with the court's determination that Mr. Bowser had not improved the property in any material respect. The court did not place any valuation on his work in improving the marital home except to find that most of his work was of "a personal and cosmetic nature," and that the parties had secured at least a $10,000 loan for home improvements. However, the latter finding is supportive of the equity award only if there is evidence that the loan proceeds went into the property and that Mr. Bowser had paid the loan or was solely responsible for repaying the loan. The record reflects that the parties are jointly liable for the loan, and the trial

court did not find that the loan proceeds were applied to the property.[1]

### III

The trial court found that Mrs. Bowser had undergone surgery in October 1983 at the Columbia Hospital for Women and submitted a claim for payment of her bill to Mr. Bowser's medical insurance carrier. The bill was not paid, however, because Mr. Bowser had told the hospital after Mrs. Bowser's release that he would not provide the insurance claim form so the bill could be paid by his medical insurance. The court concluded Mrs. Bowser's medical costs were necessary expenses for which Mr. Bowser was statutorily and contractually liable, and ordered him to resubmit the claim form to Columbia Hospital for her bill and to pay one-half of any unreimbursed part of the bill. Mrs. Bowser contends that the court abused its discretion because she will end up paying for more than half of her surgery medical bills.[2] She argues that if the bill from the Columbia Hospital for Women ($487.65) is covered by Mr. Bowser's health insurance, she will have to pay all of the other medical bills ($3,299.30); if the Columbia Hospital bill is not covered by his insurance, then he will be responsible for only one-half of the Columbia Hospital bill ($243.83), while she will be responsible for the other one-half of that bill and all the other bills ($3,543.13).

■ The trial court had jurisdiction to consider all the medical costs incurred by Mrs. Bowser during her marriage to Mr. Bowser. D.C.Code § 16–910(b) specifically instructs the judge to distribute the marital property "after considering all relevant factors, including ... debts ... of each of the parties...." *Cf. Leftwich v. Leftwich, supra*, 442 A.2d at 144 (tax liabilities are an appropriate and a relevant factor for consideration in dividing property upon divorce). In addition, the court correctly ruled Mrs. Bowser's medical costs were necessary expenses for which Mr. Bowser is responsible pursuant to D.C.Code § 30–201 (1981). D.C.Code § 30–201 provides that "both spouses shall be liable on any debt, contract, or engagement entered into by either of them during their marriage for necessaries for either of them or for their dependent children." Although the only case construing this statute, *Lawson v. Sears, Roebuck & Co.*, 473 A.2d 379 (D.C. 1984), involved a suit by a third party creditor to determine the respective liability of spouses who are still living together, for purchases made by one spouse, this does not preclude the applicability of the statute to other situations nor prevent the court from determining liability as between the spouses themselves under § 16–910. *Cf. Bourdon v. Bourdon*, 119 N.H. 518, 403 A.2d 433, 435 (1979) (New Hampshire statute, appearing in different chapter from divorce statute, which provided that "[m]arriage shall not render the husband liable for the debts contracted by his wife prior to their marriage," did not restrict the

---

1. The court did not make an award of property on Sheridan Street, after finding that Mr. Bowser had an interest in the property. Since this property was acquired during the parties' marriage it was marital property subject to distribution unless the court determined that it fell within one of the statutory exceptions. *See* D.C. Code § 16–910(a). It is irrelevant who held title to the property. *See Hemily v. Hemily*, 403 A.2d 1139, 1142 (D.C.1979). Accordingly, the court should have determined whether the Sheridan Street property was marital property and if so, the amount of Mr. Bowser's interest, and then considered that interest in distributing the marital property. The court found Mr. Bowser took out other loans, including home improvement loans, which may have a bearing on the Sheridan Street property as well.

2. The medical bills concerning Mrs. Bowser's October 1983 surgery are:

   $487.65 from the Columbia Hospital for Women;

   $71.75 from Howard University Hospital for treatment on May 17, 1982;

   $2,104 from Dr. Keith Neblett for treatment from August 1982 through February 1983;

   $81.75 for laboratory services rendered in 1983;

   $644 from Dr. Uy and Associates for anesthetic services at Columbia Hospital in 1983; and

   $397.80 from Providence Hospital.

court's power in a divorce action to apportion responsibility for wife's student loans between the parties).

The parties were married to each other when Mrs. Bowser received the medical treatment at issue. Mr. Bowser did not indicate until after the treatment that he would no longer bear any responsibility for his wife's debts which were accrued after they ceased living together. He obtained health insurance for his wife while they were living together, and did not cancel her coverage under his insurance after they began living apart. Once she was covered by his insurance, Mrs. Bowser cancelled her own health insurance. Mr. Bowser also advised the Columbia Hospital for Women at the time Mrs. Bowser was admitted for treatment that he would provide insurance forms for his wife's treatment. A trial court could properly conclude that Mrs. Bowser's medical bills were marital debts. *Cf. In re Marriage of Goforth,* 121 Ill.App.3d 673, 77 Ill.Dec. 125, 130–31, 459 N.E.2d 1374, 1381–82 (1984) (debts for necessaries incurred after one spouse's departure from marital home but before dissolution of marriage properly considered marital debts).

■ In any event, the doctrine of equitable estoppel required continuing insurance coverage for Mrs. Bowser under Mr. Bowser's policy. Mr. Bowser acquiesced to the coverage of Mrs. Bowser's medical treatment under his health insurance and she relied upon that acquiescence; he cannot now deny responsibility for her bills under his health insurance. *Fuller v. Fuller,* 247 A.2d 767, 769 (D.C.1968) (equitable estoppel to deny a duty to support can be invoked only upon a showing that there was an express or implied misrepresentation of fact inducing another to alter his position to his prejudice). Therefore, since the evidence revealed Mr. Bowser had acquiesced to coverage of Mrs. Bowser's

medical costs related to her surgery in October 1983, the order requiring Mr. Bowser to submit insurance claim forms should have encompassed all the outstanding medical bills which were incurred during the parties' marriage, and not just that from Columbia Hospital.[3] *Murville v. Murville,* 433 A.2d 1106, 1109 (D.C.1981) (a judgment will not be set aside unless it is plainly wrong or without evidence to support it); *Quarles v. Quarles,* 353 A.2d 285, 287 (D.C.1976); Super.Ct.Dom.Rel.R. 52(a); D.C.Code § 17–305(a) (1981). Although the trial court recognized it had discretion to order Mr. Bowser to pay one-half of the non-reimbursed medical bills, the record does not reveal the basis for the decision to require payment of only one bill. *See generally Johnson v. United States,* 398 A.2d 354, 363–64 (D.C.1979) (nature of trial court's discretion). To the extent the medical bills are not paid by Mr. Bowser's insurance, the trial court may determine the appropriate amount, if any, to be borne by Mr. Bowser in light of any breach of an agreement with Mrs. Bowser and the property division under § 16–910(b). *Cf. Jermunson v. Jermunson,* 181 Mont. 97, 592 P.2d 491 (1979) (trial court's order that husband assume all debts accumulated during marriage was not abuse of discretion under Uniform Marriage & Divorce Act, § 307 (Alternative A (1973)).[4] *See also Schmidt v. Schmidt,* 180 Conn. 184, 429 A.2d 470 (1980) (one spouse ordered to pay joint debt); *Garrett v. Garrett,* 625 P.2d 1286 (Okl.App.1981) (order requiring former wife to pay $5000 debt incurred to help former husband through law school was not error since responsibility was placed on former wife as means of achieving equitable distribution of marital estate); *Bourdon v. Bourdon,* 119 N.H. 518, 403 A.2d 433 (1979) (court has authority to fix the responsibility for liabilities between the

---

**3.** We do not reach the issue whether a separating spouse can cut off his or her family from coverage under an on-going medical plan pending resolution of their financial situation.

**4.** The version of the Uniform Marriage and Divorce Act adopted by Montana is similar to D.C.Code § 16–910.

parties in manner it deems reasonable and just).

 Accordingly, the judgment is reversed and the case remanded for the trial court to determine the amount of the equity in the marital home at the time of trial, the value of the parties' contributions to the home, and their respective liabilities for the home improvement loan, and thereafter to determine the amount of equity, if any, to be awarded to Mr. Bowser in light of all of the parties' marital property[5] and the factors set forth in § 16–910. In addition, upon remand the court shall determine the portion of Mrs. Bowser's medical bills, unreimbursed by medical insurance, to be paid by each party.

*Reversed and remanded.*[6]

Leslie B. Holt, Washington, D.C., appointed by this court, was on the brief for appellant.

Joseph E. diGenova, U.S. Atty., with whom Patricia A. Riley, Asst. U.S. Atty., and Michael W. Farrell, Judith Hetherton, Washington, D.C., and Saul M. Pilchen, Asst. U.S. Attys., were on the brief, for appellee.

Before NEWMAN, BELSON, and ROGERS, Associate Judges.

---

**5.** *See supra* note 1.

**6.** Mr. Bowser's contention that the appeal of this issue should be dismissed with costs and damages assessed to Mrs. Bowser under D.C.App.R. 38 is without merit. In view of the evidence that Mr. Bowser had told a representative from Columbia Hospital that he would submit insur-

ance forms for Mrs. Bowser's bills and had failed to do so, Mrs. Bowser had reason to doubt the sincerity of his efforts to pay her medical bills after the trial court entered its judgment. At oral argument counsel for Mr. Bowser conceded that all of Mrs. Bowser's medical bills had not been paid.