**Willie J. LAWSON, Appellant,**

v.

**Phuong Ha LAWSON, Appellee.**

No. 02–FM–343.

District of Columbia Court of Appeals.

Argued Feb. 19, 2004.

Decided Feb. 28, 2007.

Willie J. Lawson, *pro se.*[*]

Dorothy Simpson Dickerson, Washington, for appellee.

REID, Associate Judge and WAGNER and SCHWELB, Senior Judges.[**]

PER CURIAM:

Appellant, Willie Lawson, appeals from an order of the trial court denying his motion to modify alimony payments to his former wife, Phuong Ha Lawson, upon concluding that he had failed to show a material change of circumstances since a prior ruling reducing alimony. Appellant argues: (1) that he should not have been required to show a substantial and material change of circumstances because the court should have treated his Motion for Reduction of Alimony as a motion for relief from the prior order under Super. Ct. Dom. Rel. R. 60(b)(6); (2) that relitigation of the issue was permissible because the court failed to make findings of fact and conclusions of law in support of its prior order reducing alimony; (3) that the trial court failed to determine properly his net income and expenses by considering im-

properly his ability to earn additional income and failing to consider his other child support obligations and appellee's need for support; and (4) that the order appealed from and the prior order reducing alimony must be reversed because the court failed to make written factual findings in compliance with Super. Ct. Dom. Rel. R. 52(a). We reject appellant's first two arguments. We conclude that the trial court's failure to make either oral or written findings for the order appealed from renders the record inadequate for review. Therefore, we remand for that purpose and for further proceedings consistent with this opinion.

## I.

On March 6, 1997, appellee was granted a judgment of absolute divorce from appellant and awarded alimony in the amount of $700 per month.[1] The court's judgment includes factual findings that the parties had been married for almost twenty-four years, that appellee was fifty-two years old, had limited education, had never earned more that $14,000 in any year as a manicurist, and had paid some family expenses, and relied upon appellant for the family's primary support during the marriage. In contrast, the court found that appellant was then fifty years old, was earning at least $56,000 annually (about $4,666 per month), and had a stable income, given his position at Amtrak and a military pension. The court also found

---

[*] Theodora A. Charles filed a brief and argued the case for appellant, but she is currently suspended from the D.C. Bar.

[**] Judge Wagner was Chief Judge of this court at the time of argument. Her status changed to Senior Judge on December 21, 2005. Judge Schwelb was an Associate Judge of this court at the time of argument. His status changed to Senior Judge on June 24, 2006.

1. In determining that appellee was entitled to alimony, the trial court considered, among other factors, those identified in *McEachnie v.*

*McEachnie*, 216 A.2d 169, 170 (D.C.1966) (noting that factors for consideration in determining alimony include "the duration of the marriage, the ages and health of the parties, their respective financial positions, both past and prospective, the wife's contribution to the family support and property ownership, the needs of the wife and the husband's ability to contribute thereto, and the interest of society generally in preventing her from becoming a public charge").

that appellant fathered a child by another woman around 1992 whom he was supporting. Although the court found that appellant owned a taxicab, it concluded that he used it for transportation and not for earning income.

Thereafter, appellee filed a motion seeking to have appellant held in civil contempt for failing to pay alimony as ordered.[2] Appellant, who was represented by counsel, responded that he had a reduction in income after being forced to retire because of disability. The court held a hearing on the contempt motion on April 26, 2001, during which appellant requested a reduction in the amount of alimony.[3] At the conclusion of the hearing, the trial court found that there had been no substantial and material change in appellee's circumstances in that she was clearly in need of support.[4] The court found that there was a substantial and material change of circumstances concerning appellant's financial circumstances, and it reduced the alimony payment from $700 per month to $550 per month from January 2, 2001.[5] The trial court entered a written order to that effect on April 26, 2001, although it did not reduce to writing its factual find-

ings and conclusions. Appellant did not take an appeal from the trial court's order reducing alimony.

On November 7, 2001, appellant filed another motion seeking to reduce the amount of alimony. Again, he claimed income of $2300 per month. He also claimed to be married with three children and to be under a court order to pay $325 per month for one child for support, and $200 for another child. Appellee filed an opposition asserting that appellant had previously raised the same facts and issues as a basis for reduction of alimony and therefore, the motion should be dismissed. At a hearing on January 30, 2002, appellant represented to the court that his income had been reduced further from $2300 to $1900, although he did not know why. As at the prior hearing on his request to reduce alimony, appellant asserted that he had to support other children and a wife and that the court had not taken that into account. He explained that he had one child, and his wife had two children. The trial court reminded appellant that it had considered those same facts at the prior hearing and that appellant had undertaken this new responsibility voluntarily after the

2. Appellee claimed that appellant made no payments between June 28, 2000, and December 19, 2000, and was in arrears in the amount of $5,374.82, while he had received $11,360.90 approximately from the Railroad Retirement Board.

3. Appellant had filed previously a "Motion for Suspended Alimony" which the court dismissed when appellant failed to appear for a hearing on the motion on October 30, 2000. An order requiring appellant to pay attorney fees also references other efforts by appellant to have alimony payments reduced, which appellee claimed were "unmeritorious."

4. Appellee testified that she earned less than $4000 in 2000. She said she paid $300 per month for rent and contributed for food $100 or $200 per month, when she had it. She was living in a basement room of her niece's home. She had expenses for credit cards, gas

and an automobile. She testified that she applied for jobs often, but no one called her.

5. The trial court found that appellant's income had been reduced from $56,000 per annum ($4666/month) to about one-half that, or $2300. The court mentioned that appellant would have more when he received money from the Veterans Administration. Appellant had reported that he expected to receive about $110 per month, but it would take about eight months to get it. The court indicated that it did not consider appellant's subsequent marriage and the children of his new wife to be circumstances which should change his prior support obligation, although it stated that appellant's court ordered support obligation to his own child was appropriate for consideration.

support order was entered for appellee. The court continued the case until February 27, 2002, to allow appellee's counsel time to prepare for appellant's new claim made at the hearing that his income had been reduced further. At the next hearing, appellee's counsel presented a statement from the U.S. Railroad Retirement Board showing that appellant was receiving $2006.37 plus $333 which was being sent to Superior Court as child support for a total of $2336.37.[6] The trial court explained to appellant that it had taken into consideration the same facts that he was advancing when it reduced the alimony to $550 and that appellant was simply dissatisfied with that decision. At the conclusion of the hearing, the trial court entered an order granting, in part, appellee's motion for contempt based upon outstanding arrearages, and entered a written order to that effect.[7] The trial court declined to entertain again appellant's motion for reduction of alimony based on the same facts previously alleged, and it maintained $550 per month as the monthly alimony amount. Appellant timely noted an appeal.

## II.

Appellant argues that he should not have been required to show a substantial and material change of circumstances in support of his last motion to reduce alimony because the court should have treated it as a motion for relief from judgment under Rule 60(b)(6). As reasons for his position, he argues that: (1) his motion was filed less than seven months after the entry of the prior order reducing his alimony payment to $550 and contained the

same facts as presented at the prior hearing; (2) he did not know that he could appeal the prior decision, as the trial court had stated that he could come back to court if the payment schedule became too much; (3) he filed the later motion *pro se;* and (4) exceptional circumstances existed because the order deprived him of funds he needed for his other family responsibilities.

We find no basis to conclude that the trial court should have treated appellant's last motion as one for relief under Rule 60(b)(6). First, the rule is not cited, and there is nothing in the motion itself to suggest that appellant was proceeding on that basis. Second, although appellant cited the same facts presented in support of his first motion to reduce in his later motion, at the hearing on the last motion, appellant claimed a further reduction in income, thereby reinforcing the appearance that his motion was based on a claim of changed circumstances. Third, at the time the court entered the prior order, appellant was represented by counsel, and therefore, his argument that his failure to appeal is attributable to the court's comment that he could come back to court is not persuasive. Appellant simply failed to appeal from the trial court's order reducing his alimony obligation to $550 and filed a subsequent motion seeking a further reduction in alimony. Rule 60(b)(6) is not intended to substitute for filing an appeal. *Johnson v. Marcheta Investors Ltd. P'ship,* 711 A.2d 109, 112 (D.C.1998) (citation omitted). Finally, under the circumstances presented here, appellant's *pro se* status does not support an argument that

---

**6.** Appellee explained that the sum being sent to Superior Court was for his six year old child whom he was supporting.

**7.** The court found that appellant was in arrears in the amount of $4800, entered a wage withholding order for the monthly alimony

amount of $550 per month plus $50 per month for the arrears. The trial court had ordered wage withholding in its prior order for the reduced amount of alimony, but apparently, it had not been implemented.

the trial court should have considered his motion under Rule 60(b)(6). As a general rule, litigants acting *pro se* are "bound by and [must] conform to the rules of court procedure . . . equally binding upon members of the bar." *See MacLeod v. Georgetown Univ. Medical Ctr.*, 736 A.2d 977, 979 (D.C.1999) (citations and internal quotation marks omitted). No facts are presented warranting an exception to the general rule.[8]

Moreover, "[t]he standard [for relief] under Rule 60(b)(6) is a stringent one, requiring a showing of unusual or exceptional circumstances." *Puckrein v. Jenkins*, 884 A.2d 46, 60 (D.C.2005) (citations omitted). The rule is reserved for "extraordinary situations justifying an exception to the overriding policy of finality." *Clement v. District of Columbia Dep't of Human Servs.*, 629 A.2d 1215, 1219 (D.C. 1993) (citation omitted). "A necessary condition to such relief is that circumstances beyond the moving party's control prevented timely action to protect its interests." *Cox v. Cox*, 707 A.2d 1297, 1299 (D.C.1998) (citations, internal alterations and quotation marks omitted). Such a showing was not made here. In this case, appellant claims that extraordinary circumstances existed because he could not afford the alimony payments without neglecting his new family obligations. However, the claim of an inability to pay a support order for this reason is not extraordinary or even unusual.[9] *See e.g., Hamilton, supra*, 247 A.2d at 423, note 9

(citation omitted) ("It is true that starting a second family does impose additional financial burdens upon the husband and father, but the voluntary assumption of new obligations by marrying a second time does not excuse him from a prior obligation imposed by the court."). Appellant presented no circumstances requiring the court to consider his last motion for reduction of alimony as one filed under Rule 60(b)(6). Therefore, there was no basis for setting aside the order to allow appellant to litigate anew the motion for reduction that he had successfully pursued months earlier.

## III.

Appellant also argues that he should have been allowed to re-litigate his motion for reduction of alimony because the trial court failed to make material findings of fact and conclusions of law for its prior order of April 26, 2001, reducing alimony payments. In support of this position, appellant cites *Tennyson v. Tennyson*, 381 A.2d 264 (D.C.1977). In *Tennyson*, the court had awarded an unallocated monthly amount to cover both alimony and child support when the parties divorced in 1971. *Id.* at 265. In 1976, based on a substantial increase in former wife's financial circumstances, the trial court modified the order by eliminating alimony "with reservation to reinstate," but increasing the overall obligation as one for child support only. *Id.* at 266. This court vacated the 1976 order and remanded the case because, without factual findings in the record, it

---

8. *See MacLeod, supra*, 736 A.2d at 980 (noting exceptions in some cases involving mere technicalities rather than substantive changes). In this case, such a change would not be merely technical as different facts and circumstances would have had to be pleaded and proved for relief under Rule 60(b)(6).

9. We find no merit in appellant's argument that the court's order intruded upon his right

to marry. While the freedom to marry is recognized as a vital personal right, appellant has cited no authority supporting his argument that obligations undertaken as a result of remarriage absolve him of his prior court imposed obligation to his former spouse. *See Hamilton v. Hamilton*, 247 A.2d 421, 423–24 (D.C.1968).

had no way of knowing the child's needs in 1971 in order to compare them with current needs and determine whether a change of circumstances warranted modification.[10] *Id.* at 266, 268. The court stated that, under the circumstances, particular evidentiary facts that contributed to the court's ultimate facts in the prior order could be relitigated in a modification proceeding.[11] *Id.* at 267. This case differs from *Tennyson* in that the divorce decree setting the original alimony amount here contains detailed factual findings specifying the parties' incomes and other circumstances supporting the award. Thereafter, the court made clear factual findings on the record supporting a modification from the prior award.[12] Therefore, there was a basis for comparison of the circumstances existing at the time of the original alimony order with those existing upon modification in April 2001. That order was final for purposes of appeal, but appellant failed to appeal. *See generally In re D.M.*, 771 A.2d 360, 364–65 (D.C.2001) (explaining finality of orders and judgments). Therefore, any challenge to that order, including any claim of the inadequacy of the court's written order under Rule 52(a), is not subject to review in this appeal.[13] There remains for consideration appel-

lant's challenge to the court's action on his last motion for modification to which we turn now.

## IV.

Appellant argues that reversal or remand is required because the trial court failed to make written findings of fact and conclusions of law as required by Super. Ct. Dom. Rel. R. 52(a) in connection with his last motion to reduce alimony. Appellee argues that remand is not required because the court made oral findings.

■ Rule 52(a) requires written findings of fact and conclusions of law for motions to modify a court order.[14] This court has held that where the trial court fails to document its findings and conclusions as Rule 52(a) requires and its oral statements are inadequate to allow for meaningful review, a remand for that purpose is necessary. *Foster–Gross v. Puente*, 656 A.2d 733, 737 (D.C.1995) (citations omitted). In the present case, the trial court did not make either written or oral findings related to its determination at the last hearing when it maintained alimony at the prior reduced level. Therefore, the record is inadequate for meaningful review of appel-

---

**10.** Modification of a child support order required a showing that "there has been a material change in the needs of the child or the ability of the parents to pay." *Tennyson, supra,* 381 A.2d at 266 (citation omitted).

**11.** As an example, the court stated that a finding that a child's educational expenses had increased by $100 per month might be sufficient to support a modification, but unless the court also found the amount of the child's educational expenses, future modification proceedings might have to include relitigation of the amount of the child's educational expenses.

**12.** The court found that appellant earned $4600.00 per month at the time the divorce decree was entered, but subsequently he had

major surgery, was unable to perform the job he had previously, and had a reduction in income "by 50 percent," or to $2300 per month. *See also* note 5, *supra.*

**13.** *See* D.C.App. R. 4(a) (specifying that with limited exceptions, not pertinent here, a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken); *see also In re C.I.T.*, 369 A.2d 171 (D.C.1977) (time limit specified in Rule 4(a)(1) is jurisdictional).

**14.** While motions under Super. Ct. Dom. Rel. R. 12 and 56 and other motions are excepted from the written findings requirement of Rule 52(a), motions to modify a court order are expressly included.

lant's specific challenges to the court's order of February 2002.[15] A remand is necessary for this purpose. *See id.*

For the foregoing reasons, the case is remanded for the court to enter written findings of fact and conclusions of law in accordance with Super. Ct. Dom. Rel. R. 52(a) and for further proceedings consistent with this opinion.

*So ordered.*

---

**15.** It may be that, applying *res judicata* principles, the trial court simply declined to entertain the last motion to reduce as a matter of law because it determined that the motion was based on the same allegations, facts and circumstances made in connection with the April 2001 order. *See Albus v. Albus,* 503 A.2d 1229, 1232 (D.C.1986) (noting that a "decree for child support is res judicata only as long as the circumstances remain the same as when the decree was rendered") (citations omitted). There are portions of the record that suggest as much. However, some testimony was presented and other evidence offered, which it appears that the court accepted or rejected in concluding that appellant was not entitled to relief or that he had failed to show a material change of circumstances. Absent findings of fact and conclusions of law addressing the issues, the record is inadequate to review appellant's remaining challenges to the court's order of February 27, 2002.