**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0642, <u>In the Matter of Donna DeNapoli and Anthony DeNapoli</u>, the court on May 31, 2016, issued the following order:**

Having considered the respondent's brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Anthony DeNapoli, appeals a final decree issued by the Circuit Court (<u>Cross</u>, R., approved by <u>Gordon</u>, J.) in his divorce from the petitioner, Donna DeNapoli. He argues that the trial court erred by: (1) awarding the marital home to the petitioner, and ordering that she pay the respondent's share of its equity over five years; (2) deducting $4,211 from the respondent's share of the equity in the marital home to compensate the petitioner for mortgage payments that had become delinquent prior to when she was awarded exclusive occupancy of the marital home in the temporary decree; (3) not accounting for the value of certain personal property that the petitioner disclosed in her financial affidavit, but instead awarding both parties whatever personal property they possessed at the time of the decree; (4) not accounting for the value of alleged cash, gold, and antique coins that the respondent claimed, but the petitioner disputed, he had left in the marital residence; (5) ordering that the respondent solely satisfy a federal tax liability arising from his construction business; and (6) not awarding the respondent certain items of personal property that were in the marital home at the time of the final hearing.

The trial court has broad discretion in fashioning a final decree of divorce. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). Its discretion necessarily encompasses decisions concerning the distribution of marital property, <u>see</u> <u>id.</u>, and the allocation of marital debt, <u>see</u> <u>In the Matter of Muller & Muller</u>, 164 N.H. 512, 518 (2013); <u>Bourdon v. Bourdon</u>, 119 N.H. 518, 520 (1979). We will not overturn the trial court's rulings on such matters absent an unsustainable exercise of discretion. <u>Spenard</u>, 167 N.H. at 3. "This means that we review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgments." <u>Id</u>. (quotation and brackets omitted). "[W]e defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009). If the trial court's findings could

reasonably have been made upon the evidence presented, they will stand. <u>Spenard</u>, 167 N.H. at 3.

As the appealing party, the respondent has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the respondent's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the respondent has not demonstrated reversible error. <u>See</u> <u>id</u>. Because the respondent has not demonstrated reversible error, we have not considered the petitioner's "Response to Appellant's Brief." Accordingly, the respondent's motion to strike the response is moot. <u>See</u> <u>Appeal of Silverstein</u>, 163 N.H. 192, 199 n.1 (2012).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**

2