Michael W. THOMAS, Appellant,

v.

Robert C. THOMAS, Appellee.

No. 83–717.

District of Columbia Court of Appeals.

Submitted May 31, 1984.

Decided June 27, 1984.

---

Michael W. Thomas filed a brief pro se. No brief was filed by the pro se appellee.

Before NEWMAN, Chief Judge, and PRYOR and ROGERS, Associate Judges.

PER CURIAM:

This appeal is taken from the trial court's (Intra-Family and Neglect Branch) grant of a civil protection order to appellee after a hearing. For a period of one year, see D.C.Code § 16–1005(d) (1981), the order enjoins appellant, appellee's son, from (1) visiting appellee's house or removing any items therefrom without first securing the consent of appellee's wife; (2) molesting, assaulting, threatening, or physically abusing appellee. The order also mandates that appellant shall participate in a program of family counseling along with appellee and his wife.

No portion of the trial transcript was designated for the record on appeal. It does appear, however, that appellee petitioned the court for a protection order, see id. § 16–1003(a) (1983 Supp.), on the grounds that, on June 1, 1983, appellant threatened "the [p]etitioner with harm" and destroyed property "by breaking into petitioner's house, [and stealing] food from petitioner's freezer." The petition was sworn and notarized and it is not disputed that appellant received sufficient notice of the petition and subsequent hearing. See id. § 16–1004(c). After the hearing, Judge Wagner signed the protection order based upon her "good cause to believe" that appellant had committed an intra-family offense. See id. § 16–1005 (1981 & 1983 Supp.). We have jurisdiction of this appeal under id. § 16–1005(e) (1981). See Super.Ct. I–F R. 10(a).

In his handwritten pro se brief,[1] appellant contends that "the court's ruling is a farce." His argument reduces itself to an assertion that he did not commit the acts of which appellee complained.[2] He asks that we examine his case "from the real side and cease this sympathetic intervention of the courts ...." Apparently, he would have us dissolve the protection order.[3]

We see no reason to do so, and yet cannot affirm the judgment below on this record. The order signed by the trial judge states in conclusory fashion that the court found, after a hearing, that there is "good cause to believe" that appellant committed an intra-family offense. Although our review of the court's factual determinations must necessarily be limited, see D.C. Code § 17–305(a) (1981),[4] the finder of fact must provide this court with findings sufficient to facilitate appellate review. Murville v. Murville, 433 A.2d 1106, 1109 (D.C. 1981); Moore v. Moore, 391 A.2d 762, 770 (D.C.1978). We have no such findings before us. This absence is particularly critical since appellant's sole contention is that the allegations offered by appellee are untrue. We hereby remand the record of this case to the trial court with instructions to prepare a written statement of its findings, based upon the hearing already completed.[5]

So ordered.

1. Appellee did not file a brief in this case.

2. For example, appellant contends that "the outbreak of violence on my part ... [was] only provoked by my Father." He further asserts that anything he took while in his parents' home was taken with his mother's consent. In short, he claims that his "Father has wrongly and unjustifiably prefabricated incidences that are non-existent in our home relationship [sic]."

3. Appellant also notes his refusal to participate in any kind of family counseling with his parents.

4. See also Super.Ct. I–F R. 1 (applying Super.Ct. Civ.R. 52(a) to intra-family proceedings).

5. Under Super.Ct.Civ.R. 52(a), which is applicable to intra-family proceedings, see supra note 4, the transcript may be sufficient to meet the terms of our order if the judge has stated orally to the parties her findings of fact.