**Alfred PIMBLE, Appellant,**

v.

**Barbara PIMBLE, Appellee.**

**No. 86–11.**

District of Columbia Court of Appeals.

Argued Feb. 5, 1987.
Decided March 6, 1987.

Josiah Lyman, Washington, D.C., for appellant.

James B. Miles, Washington, D.C., for appellee.

Before BELSON and TERRY, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

This is an appeal by a husband from a judgment in a domestic relations suit begun by the filing of a complaint by the wife seeking a decree of absolute divorce on the ground of separation for one year without cohabitation, D.C.Code § 16–904(a)(2) (1981), and other relief. The husband, with leave of court, filed a cross-complaint and counterclaim. The matter was tried on September 4 and 5, 1985. On September 17, 1985, the court entered an order and judgment granting the wife (1) an absolute divorce, (2) custody of a thirteen-year-old daughter (an older son, then over eighteen, was living with his father), and (3) child support.

The judgment also provided that the family residence, previously titled in the names of husband and wife as tenants by the entirety, subject to a first deed of trust, be equally divided and held by the parties as tenants in common. At the time of the trial, the husband and son were occupying this house; the wife and daughter were living in an apartment in Prince Georges County, Maryland.

On appeal, the husband urges that this disposition of the marital property amounted to an abuse of discretion. He asserts that the evidence proved that he had purchased the equity in the house with his own money, and that his wife had made little or no contribution to the mortgage payments, real estate taxes, or maintenance expenses. He also contends that although there was evidence of adulterous conduct on the part of the wife prior to her departure some five years before trial, and that she chose to live with her lover rather than remaining in the family home, the trial court ignored this evidence when it granted a fifty percent interest in the house to the wife.

The record shows that during two full days of trial, conflicting evidence was offered on the issues of (1) the wife's adulterous activities prior to and after her abandonment of appellant, her family, and home, and (2) lack of monetary contribution by the wife toward financing and maintenance of the family home. Nevertheless, as appellant points out, the findings of fact, while adverting to this testimony, did not resolve these conflicts. Nor did the trial court, in the memorandum accompanying its judgment, explain what significance, if any, it accorded these and other relevant matters in framing its order with respect to the division of property.

██ D.C.Code § 16–910(b) (1981) sets out several factors to guide the trial court in distributing marital property. The trial court has broad discretion and its decision is to be based upon an assessment of the totality of the circumstances. *Turpin v. Turpin*, 403 A.2d 1144, 1147 (D.C.1979). However, Super.Ct.Dom.Rel.R. 52 (a) re-

quires a trial court, in every case tried upon the facts, to make written findings of fact and conclusions of law sufficient to permit judicial review. *Tauber v. District of Columbia,* 511 A.2d 23, 28 (D.C.1986); *Murville v. Murville,* 433 A.2d 1106, 1109 (D.C.1981). "Where the trial court provides only conclusory findings, unsupported by subsidiary findings or by an explication of the court's reasoning with respect to the relevant facts, a reviewing court simply is unable to determine whether or not those facts are clearly erroneous." *United States Fidelity and Guarantee Co. v. Kaftarian,* 520 A.2d 297, 299 (D.C.1987) (quoting *Lyles v. United States,* 245 U.S.App. D.C. 215, 218, 759 F.2d 941, 944 (1985)). We have consistently held that failure by the trial court to make findings on material issues requires remand. *See United States Fidelity and Guarantee Co. v. Kaftarian, supra* at 300; *Tauber v. District of Columbia, supra,* 511 A.2d at 28; *Bedell v. Inver Housing, Inc.,* 506 A.2d 202, 208 (D.C.1986).

■ We do not have findings before us sufficient to allow meaningful appellate review, and consequently, remand the case to the trial court with instructions to make findings of fact and conclusions of law with respect to the issues previously noted, accompanied by its reasoning regarding the division of the family home in light of such findings, and to consider proposals for the modification of the challenged disposition of such property.

*So ordered.*