Kathy Hancock GORE, Appellant,

v.

Quentin R. GORE and Geraldine Gore, Appellees.

No. 92–FM–1071.

District of Columbia Court of Appeals.

Argued Nov. 10, 1993.

Decided March 15, 1994.

Joan S. Meier, with whom Peter H. Meyers and Alain Norman, Washington, DC, Law Student Counsel, were on brief, for appellant.

Neal E. Krucoff, Washington, DC, for appellees.

Before ROGERS, Chief Judge, SCHWELB, Associate Judge, and BELSON, Senior Judge.

SCHWELB, Associate Judge:

This appeal presents the question whether the trial court's statutory authority to order the equitable distribution of the marital estate as part of a decree of divorce applies to real property in which the divorcing spouses have an equitable interest, but as to which one of the spouses holds legal title in joint tenancy with a third party (here the husband's mother), who has been joined in the suit and who has been accorded the opportunity to protect her interests. The trial judge held that the third party's interest was inviolate. Because the evidence showed that the husband's mother's interest was held by her in constructive trust for the spouses, we reverse and remand for further proceedings.

## I.

Kathy Hancock Gore ("the wife") and Quentin R. Gore ("the husband") were married on June 24, 1984. Following the birth of their two children, the Gores purchased a three bedroom house at 315 Rittenhouse Street, N.W. in the District. Presently, the house has an appraised value of approximately $168,000. It is encumbered with a first deed of trust of approximately $100,000.[1]

At the time the Gores purchased the marital home, the wife's unfavorable financial condition precluded her from qualifying as a borrower. In order to facilitate the purchase, Geraldine Gore, the husband's mother, co-signed the promissory note in favor of the lender. She and the husband took title to the house as joint tenants, with the right of survivorship as between mother and son.

The Gores lived together in the marital home until February 1989, at which time they separated voluntarily. In February, 1991, the husband filed for divorce, seeking, *inter alia,* permanent possession of the marital home and equitable distribution of marital property, including any part of the marital home which the court determined to be marital property. The wife counterclaimed, alleging that the entire home was marital property, and that she was therefore entitled to an equitable share of it.

Pursuant to Super.Ct.Dom.Rel.R. 19, and in light of the husband's mother's 50 percent legal interest in the home, the trial judge joined the mother as a party to the divorce proceeding. Following a lengthy trial, the judge issued comprehensive written findings of fact and conclusions of law. Based upon these findings and conclusions, the judge entered a judgment of divorce and ordered the distribution of marital property pursuant to D.C.Code § 16–910(b) (1989). The judge found that the mother had co-signed the first deed of trust "purely to facilitate acquisition of the marital home" and that she did so "solely for the benefit of the [husband and wife]."[2] The judge also found that the husband's mother had taken title without any genuine intent to retain an interest in the house, to live in it, or to use it for her own benefit in any other way. The judge stated that the husband's mother had been compensated by the parties for her contribution to

---

1. The husband subsequently obtained a second loan on the home, in the amount of $37,000. That loan is secured by a second deed of trust; the husband is the only signer of the second promissory note.

2. In fact, in order to exaggerate the wife's income and creditworthiness and thus to induce the lender to approve their loan application, the parties represented to the lender that the home of the husband's mother was to be leased to the wife's brother. No such arrangement was in fact intended or implemented.

the purchase price of the house, but that it was unclear whether she had been reimbursed for certain costs which she had incurred at settlement, and for drapes and shrubs for the property. After the loan was obtained, the husband and wife made all of the payments on the note.

The trial judge concluded as a matter of law that the parties' home was marital property, and that the wife was "entitled to an equitable lien upon the marital home and that the title holders, the [husband] and his mother, continue to hold title only with a constructive trust in favor of the [wife]." The judge explained that she would ordinarily have ordered the division of the entire marital home equally between the husband and wife, but that she felt constrained to award only a 25 percent equitable lien to the wife because the husband's mother was liable on the note and was part-owner of the home. The judge reasoned that

the [husband's] mother, upon sale of the property could suddenly demand a one half share of the proceeds. There is no way to prevent her from doing so. There is no legal authority by which this Court can distribute anything other than the [husband's] personal financial interest in the marital home.

Overall, this Court finds that the parties in this action, under normal circumstances, would be entitled to share equally in the asset to be distributed. In the instant case, the asset itself can consist only of one-half of the fair market value of the house.

The judge held that the wife had an equitable interest in 25 percent of the fair market value of the house (half of the husband's half),[3] noting that otherwise the husband would be unjustly enriched.

Following the entry of this initial decree, the husband filed a motion to alter or amend the judgment. He contended primarily that the award to the wife should be based on her fair share of the net value of the house (rather than on her share of its fair market value without regard to the encumbering first deed of trust).[4] The wife objected that she had an equitable claim against the interests both of the husband and of his mother. The judge granted the husband's motion, awarded the wife a 25 percent interest in the net value, and reaffirmed her belief that the court "[could not] ignore [the mother's] fundamental liability as well as her title interest." The wife then filed this appeal, challenging only the trial judge's disposition of the parties' respective claims regarding the marital home.

## II.

Under our equitable distribution statute, which is based on the Uniform Marriage and Divorce Act, *see Hemily v. Hemily,* 403 A.2d 1139, 1143 n. 3 (D.C.1979), the court, after assigning to each divorcing spouse his or her separate property, must

distribute all other property accumulated during the marriage, regardless of whether title is held individually or by the parties in a form of joint tenancy or tenancy by the entireties, in a manner that is equitable, just and reasonable, after considering all relevant factors....

D.C.Code § 16–910(b) (1989).[5] The husband and his mother contend, and the trial judge effectively held, that one-half interest in the home is not subject to distribution because the mother holds legal title to it. We do not agree.

The trial judge explicitly found that the husband's mother has been compensated for her contribution to the purchase of the marital home. Although she remains liable on the promissory note which is secured by the first deed of trust, it is undisputed that the

---

3. The judge assumed that the house would be sold or refinanced in order to liquidate the wife's interest.

4. In this regard, as the judge eventually recognized, the husband's criticism of the judge's initial decree was correct. The wife was entitled to an equitable share of the net value of the estate in general and of the home in particular; the

liabilities had to be subtracted from the assets before her fair share could be computed.

5. *See also* D.C.Code § 11–1101(8) (1989), authorizing the Family Division of the Superior Court to make "determinations and adjudications of property rights, both real and personal."

value of the home exceeds the potential liability on that note, and the wife seeks distribution only of a share of the equity in the home after the liability on the first deed of trust has been subtracted from its fair market value. There can be no question that, but for the husband's mother's legal title, the house as a whole would be subject to distribution; indeed, the trial judge explicitly so recognized.

■ Under an "equitable distribution" regime, a third party's legal title cannot be permitted to extinguish all or part of a spouse's equitable interest. In the context presented here, as the trial judge recognized, that equitable interest may be enforced by imposing on the titleholder a constructive trust. In *Gray v. Gray*, 412 A.2d 1208, 1210 (D.C.1980), this court explained that

> "[a] constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if permitted to retain it." 4A Powell on Real Property ¶ 594 at 48–3 and 48–4 (1979). *Accord, Hertz v. Klavan*, 374 A.2d 871, 873 (D.C.1977). This remedy "can be imposed wherever one unfairly holds title or a property interest and where the holder would be unjustly enriched if permitted to retain such interest." *Osin v. Johnson*, 100 U.S.App.D.C. 230, 233, 243 F.2d 653, 656 (1957).[6]

Given the judge's findings in this case, and especially the undisputed evidence that the parties' intent in putting the mother's name on the title was solely to benefit the spouses, *see Gray, supra*, 412 A.2d at 1211, the husband's mother would be unjustly enriched (and the wife unjustly deprived of her equitable share) if half of the equity in the home were excluded from the marital estate. On this record, such a potentially destructive limitation on the rights of the non-titled spouse would be inconsistent with the con-

structive trust doctrine and with the Superior Court's broad equitable authority in divorce proceedings pursuant to § 16–910. *See Hemily, supra*, 403 A.2d at 1142.

In a somewhat different but related context, this court has recognized that in divorce proceedings legal title is not dispositive, and that equitable interests may prevail. Prior to the enactment in 1977 of § 16–910 in its present form, the court "exercised its equitable powers and looked beyond the labels of title, which were controlling under the then-existing statute, in order to distribute property which effectively had not been individually owned during the marriage." *Id.* at 1142; *see also Lyons v. Lyons*, 295 A.2d 903, 904–05 & n. 2 (D.C.1972); *Hunt v. Hunt*, 208 A.2d 731, 733 (D.C.1965). Although these cases dealt with property as to which the other spouse, rather than a third party, held title, the court's recognition that the non-titled spouse had an enforceable equitable interest in property legally owned by someone else lends support, at least by imperfect analogy, to our disposition of the present controversy. Moreover, by amending § 16–910(b) in 1977 to read as it now does, *see* page 5, *supra*,

> the legislature sought to facilitate the authority of Superior Court judges to reach equitable results in divorce property dispositions without requiring the court to search for strict legal or equitable ownership interests in the nontitled spouse.

*Hemily, supra*, 403 A.2d at 1142.

In the present case, we are dealing in part with the rights of the husband's mother, who is not one of the spouses. The wife's equitable interest, however, may not be undermined on this account. The husband's mother is a party to the case. *Cf. Van Buskirk v. Van Buskirk, supra*, note 6, 590 A.2d at 7. No contention has been made before this court that she was not properly joined. She is represented by counsel, and she has had

---

6. "When a transfer of property is made to one person and the purchase price is paid by another, the general rule is that a resulting trust arises in favor of the person who paid the purchase price." *Leeks v. Leeks*, 570 A.2d 271, 274 (D.C. 1989). There is authority for the imposition of a resulting trust in circumstances such as those presented here. *See, e.g., Wolf v. Wolf*, 356

Pa.Super. 365, 514 A.2d 901, 905 (1986), *overruled in part on other grounds, Van Buskirk v. Van Buskirk*, 527 Pa. 218, 590 A.2d 4 (1991). The wife did not present this theory to the trial court, however, and we do not consider it here; we do not necessarily preclude the trial judge from considering it on remand.

an opportunity to be heard in the trial court and in this court as well. Indeed, she was "free to present evidence and [was] afforded the same protections as [if] the claims for resulting trust and unjust enrichment [had] been maintained separately." *Id.* at 6–7 (quoting *Wolf, supra,* note 6, 514 A.2d at 904). She has not been, nor does she apparently claim to have been, a victim of any procedural unfairness.

Under these circumstances, the trial judge was not precluded from distributing as marital property the entire equity in the Rittenhouse Street home. Indeed, the husband and his mother appear to concede as much,[7] and the courts of other jurisdictions are in accord. *See, e.g., Sexton v. Sexton,* 298 S.C. 359, 380 S.E.2d 832, 833–34 (1989); *Wolf, supra,* 514 A.2d at 903–04; *Van Buskirk, supra,* 590 A.2d at 7–8 (approving basic holding of *Wolf* but overruling *Wolf* on an unrelated issue); Annotation, *Propriety of consideration of, and disposition as to, third persons' property claims in divorce litigation,* 63 A.L.R.3d 373, 389–91 (1975 & Supp.1993).

Once the husband's mother was made a party to the divorce action and had the opportunity to assert her rights, there was no legal impediment precluding the court from dealing with her legal interest in the home. Counsel for the husband and his mother seems to contend that if a constructive trust or other equitable lien is to be imposed, it must be done in a separate proceeding. Such a duplication of effort, however, is not "good judicial husbandry." *See United States v. Dogan,* 314 F.2d 767, 772 (5th Cir.1963). Moreover, we emphasize once again that this jurisdiction has adopted the "equitable distribution" approach to domestic relations jurisprudence, and that

[t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims.

*Hecht Co. v. Bowles,* 321 U.S. 321, 329–30, 64 S.Ct. 587, 592, 88 L.Ed. 754 (1944). "The power of the court of equity to adapt its remedial relief to existing conditions and circumstances should not be curtailed." *Franklin v. Franklin,* 83 U.S.App.D.C. 385, 386, 171 F.2d 12, 13 (1948) (citations omitted).

### III.

The trial judge concluded that the home on Rittenhouse Street was marital property. She also found facts which established that the husband and wife had paid for it and were its equitable owners. Despite these findings, and the judge's conclusion that both the husband and his mother owned the house as constructive trustees for the wife, *see Gray, supra,* 412 A.2d at 1210, the judge declined to award any of the mother's interest to the wife, believing that the mother's share was inviolate. This was error. Accordingly, the order appealed from is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*[8]

7. The brief for the appellees states in pertinent part:

In the District of Columbia, as elsewhere, the court's duty is to determine if the title held by the third person is subject to equitable or legal claims of husband or wife, and to adjudicate those claims using ordinary equity or law rules which would apply between the parties to the marriage and the third party in the absence of a divorce proceeding. To the extent that the court finds the rights of the title holder are subordinate to the rights of one of the parties

to the marriage and if the property otherwise qualifies as marital (acquired during the marriage, etc.), then the rights of husband and wife to that property may be adjusted following Code section 16–910.

8. On remand, the trial judge must determine what, if any, uncompensated contributions the husband's mother made to the marital home, and must order a distribution to her of such amount, if any, which the judge finds to be appropriate.

We also note, *sua sponte*, that both in the trial court and on appeal the husband and his mother were represented by the same attorney. The interests of these parties appear to be at least potentially in conflict. Counsel advised us at argument that both clients have consented to the representation. We have no reason to doubt counsel's assurance. Nevertheless, under the circumstances, the trial judge should verify that counsel's disclosures were sufficient and that the consents of the husband and his mother were informed. *See, e.g., Fraser v. Crounse*, 56 A.2d 54, 55 (D.C.1947); *Klemm v. Superior Court*, 75 Cal.App.3d 893, 142 Cal.Rptr. 509, 511–14 (5th Dist.1977); 7A C.J.S. *Attorney & Client* §§ 150–55 (1980 & Supp.1993).