**Wilma B. YOUNG–JONES, Appellant,**

v.

**Tyrone A. BELL, Appellee.**

**No. 05–FM–653.**

District of Columbia Court of Appeals.

Submitted June 16, 2006.

Decided Aug. 17, 2006.

Warren E. Connelly, Washington, DC, for appellant.

Before KRAMER and FISHER, Associate Judges and SCHWELB *, Senior Judge.

PER CURIAM:

On May 10, 2005, the trial court found that (1) a common-law marriage arose between the parties in November 1994, (2) the appellant was entitled to absolute divorce, (3) the appellant was entitled to physical custody of the couple's two children, (4) the parties would share joint legal custody of the children, (5) the appellant's child support claim should be dismissed but could be pursued in a separate pending action,[1] and (6) the appellant was entitled to ten percent of the proceeds from the sale of real property obtained during the marriage. Only the ruling pertaining to the division of proceeds from the sale of property is at issue on appeal. The appellant argues that she is entitled to a greater share of the proceeds and that the trial court failed to adequately apply the criteria for the division of marital property set forth in D.C.Code § 16–910(b) (Supp. 2005).[2] We agree with the second argument, express no opinion on the first, and remand the case for further proceedings consistent with this opinion.

## I.

On July 19, 2004, Ms. Young–Jones filed her complaint for absolute divorce. After initially denying that a common-law marriage existed, Mr. Bell stipulated to the marriage and the case went to trial. After considering evidence from both parties, the trial court found that (1) the marriage "developed" in November 1994, (2) the parties shared the couple's first residence until they moved into a house at 1648 Hamlin Street, N.E. in January 1999, (3) while living with Mr. Bell, Ms. Young–Jones owned a condominium in Hyattsville, Maryland and retained her Maryland driver's license, (4) Mr. Bell paid the settlement costs on the couple's new home, (5) Ms. Young–Jones' name was "not on the deed, mortgage, or any of the settlement documents as co-owner" of the Hamlin Street property, (6) Mr. Bell made the mortgage payments on the Hamlin Street home until August 1999 and paid half of the mortgage in September 1999, and (7) Ms. Young–Jones' failure to keep up with the mortgage payments on the property after the parties separated forced Mr. Bell to sell the house in order to avoid foreclosure.

Based upon these findings of fact, the trial court reached several conclusions. First, the court concluded that the Hamlin Street home was marital property, but wrote that "the court does not conclude that [Ms. Young–Jones] is entitled to any share of the proceeds of the sale of the property, except insofar as she is the custodian of the minor children who needs funds to relocate." Second, the court held that Ms. Young–Jones' actions forced the sale of the house below market value. Third, the court found that both parties knew at the time of purchase that the Hamlin Street house was Mr. Bell's sole property. Finally, the trial court concluded,

> After considering the factors set forth in D.C.Code § 16–910, such as the duration of the marriage, the period of time the parties lived together as a family, the

* Judge Schwelb was an Associate Judge of the court at the time of submission. His status changed to Senior Judge on June 24, 2006.

1. *Young–Jones v. Bell,* No. PS1116–01 (D.C.Super.Ct.) (pending).

2. The appellee did not file a brief. We therefore consider this case on the appellant's brief alone.

respective efforts of the parties to preserve the Hamlin Street property, [Ms. Young–Jones'] ownership of the Hyattsville property, and [Mr. Bell's] actions in assisting her in preserving her ownership [of her condominium], the court concludes that [Ms. Young–Jones] is entitled to ten percent of the net proceeds from the sale of the property. This amount is allocated to [Ms. Young–Jones] for relocating herself and the minor children.

## II.

■ Our standard of review in these cases is well-established. "This court has consistently applied the well-settled principle that the trial court has considerable discretion and broad authority in distributing marital property as part of a judgment of divorce." *Barnes v. Sherman,* 758 A.2d 936, 939 (D.C.2000) (quoting *Dews v. Dews,* 632 A.2d 1160, 1164 (D.C.1993)). "The trial court is charged by statute with distributing marital property 'in a manner that is equitable, just and reasonable, after considering all relevant [statutory] factors,' and 'so long as the trial court considers all relevant factors, its conclusions will not be disturbed on appeal.'" *Id.* (internal citation s omitted) (quoting *Bowser v. Bowser,* 515 A.2d 1128, 1130 (D.C.1986)). "The trial court must engage in a 'conscientious weighing of all relevant factors, statutory or otherwise, before reaching a conclusion about the proper distribution of the property.'" *Id.* at 943 (quoting *Burwell v. Burwell,* 700 A.2d 219, 225 (D.C.1997) (per curiam)). "If 'the trial court's findings of fact, conclusions of law and judgment, taken together ... present an integrated, internally consistent and readily understood whole,' its decision will be allowed to stand on appeal." *Id.* at 939 (quoting *Bowser, supra,* 515 A.2d at 1130). "We have consistently held that failure by the trial court to make findings on material issues re-

quires remand." *Pimble v. Pimble,* 521 A.2d 1173, 1175 (D.C.1987) (citing *United States Fidelity and Guarantee Co. v. Kaftarian,* 520 A.2d 297, 300 (D.C.1987); *Tauber v. District of Columbia,* 511 A.2d 23, 28 (D.C.1986); *Bedell v. Inver Housing, Inc.,* 506 A.2d 202, 208 (D.C.1986)).

■ Applying this standard of review, we conclude that the trial court did not provide a sufficient analysis to allow for meaningful appellate review. Though the court stated that it considered the factors enumerated in D.C.Code § 16–910, this "conclusory statement" does not provide us a "way of assessing whether the decision is supported by the record." *Joel v. Joel,* 559 A.2d 769, 773 (D.C.1989) (holding that the trial court's statement that it had "reviewed the factors listed in D.C.Code Section 16–910(b)" did not provide a sufficient analysis upon which to base meaningful appellate review); *see also Leftwich v. Leftwich,* 442 A.2d 139, 143 (D.C.1982) (reversing the trial court's disproportionate division of marital property where the court had failed to state with precision the factors it deemed relevant in reaching its result). Without a more detailed analysis, we cannot ascertain whether the trial court properly exercised its "considerable discretion and broad authority." *Barnes, supra,* 758 A.2d at 939. As in *Burwell,* the trial court in this case "failed to consider [at least explicitly] several of the specifically enumerated statutory factors, about which there was record evidence and which have an important bearing on deciding what constitutes an equitable distribution of the marital home...." *Burwell, supra,* 700 A.2d at 224.

While the trial court noted that it "in general did not find the plaintiff a credible witness," it left unresolved a number of specific conflicts in the testimony that directly relate to the factors listed in § 16–

910(b). For example, the court does not address the "age, health, occupation, amount and sources of income, vocational skills, employability, assets, debts and needs of each of the parties," D.C.Code § 16–910(b)(2) (Supp.2005), with the exception of Ms. Young–Jones' condominium.[3] The court also failed to address "whether the distribution is in lieu of or in addition to alimony," "each party's contribution as a homemaker or otherwise to the family unit," and "the circumstances which contributed to the estrangement of the parties." D.C.Code § 16–910(b)(4), (7) & (12) (Supp.2005). Given the evidence that (1) Ms. Young–Jones had generally performed the duties of a homemaker and foregone employment (at the urging of Mr. Bell), (2) the marriage ended as a result of Mr. Bell's domestic violence (that led to the issuance of a civil protection order), (3) Ms. Young–Jones will have physical custody of the couple's children (one of whom has Down's Syndrome), and (4) Ms. Young–Jones did not seek alimony (nor was any awarded), it would appear that consideration of each of the statutory factors set out in D.C.Code § 16–910 could well lead to a different result in terms of the division of the marital property.

For the foregoing reasons, we conclude that the trial court's general finding that Ms. Young–Jones was not credible is insufficient to relieve the trial court of conducting the analysis required by our precedents.[4] We vacate the portion of the trial court's order dividing the proceeds from the sale of the real property located at 1648 Hamlin Street, N.E. and remand for further findings as to the division of that property, with authority to order the same or a different division as application of the relevant factors dictates. The trial court's order is affirmed in all other respects.

*Affirmed in part, vacated in part and remanded.*

---

3. While the trial court did make factual findings as to the condominium, the court did not resolve the question of whether Ms. Young–Jones made several years of payments on the Hamlin Street mortgage when she resided there from the time of their separation until the sale of the house. The trial court should address this issue in applying the statutory factors on remand.

4. The trial court is, of course, free on remand to weigh the credibility of the witnesses and make factual findings based on those determinations. *Barnes, supra,* 758 A.2d at 942 (citing *Hawkins v. United States,* 663 A.2d 1221, 1230 (D.C.1995); *Preston v. Preston,* 767 S.W.2d 618, 620 (Mo.Ct.App.1989)).