Wilma B. YOUNG–JONES, Appellant,

v.

Tyrone A. BELL, Appellee.

No. 07–FM–510.

District of Columbia Court of Appeals.

Argued March 3, 2009.

Decided March 26, 2009.

Warren E. Connelly, Washington, argued for appellant.

Jay S. Weiss, Washington, submitted no brief for appellee.

Before WASHINGTON, Chief Judge, and KRAMER and THOMPSON, Associate Judges.

PER CURIAM:

This matter is back before the court after it was remanded to the trial court to provide sufficient findings of fact and conclusions of law under the specifically enumerated statutory factors in D.C.Code § 16–910(b) (2008), so that this court may engage in a meaningful review of the trial court's order distributing the proceeds derived from the sale of the parties' marital home. *See Young–Jones v. Bell,* 905 A.2d 275 (D.C.2006).[1] Despite the specific instructions articulated in our previous opinion on this matter, the trial court not only failed once again to address several of the statutory factors, but now appears to have concluded that Appellant Wilma B. Young–Jones was not entitled to any proceeds from the sale of the marital home because the parties understood the home to be the sole and separate property of Appellee Tyrone A. Bell.

Separate property is property that is acquired before or during the marriage "by gift, bequest, devise or descent, and any increase thereof, or property acquired in exchange thereof," while all other prop-

---

1. For the relevant facts in this case, please see our opinion in *Young–Jones, supra,* 905 A.2d at 276.

erty accumulated during the marriage is marital property. *See* § 16–910(a), (b). Marital property must be equitably distributed upon a final decree of divorce, regardless of whether that property is titled individually or by the parties in another form. *See* § 16–910(b); *Gore v. Gore,* 638 A.2d 672 (D.C.1994) (affirming trial court's distribution of the entire equity of marital home between husband and wife even though husband held legal title to property in joint tenancy with his mother); *Jordan v. Jordan,* 616 A.2d 1238 (D.C. 1992) (affirming trial court's equitable distribution of home and stock acquired during marriage but held solely in husband's name).

■■■ There is no dispute that the parties' home was purchased during the marriage, and was not acquired "by gift, bequest, devise or descent, and any increase thereof, or property acquired in exchange thereof." *See* § 16–910(b). Thus, we are quite surprised by the trial court's conclusion that the parties' marital home somehow escapes equitable distribution. Although the home was titled only in Mr. Bell's name, the nature of the title on marital property does not remove the property, or proceeds derived from its sale, from the scope of equitable distribution. *See Gore, supra,* 638 A.2d at 674–75. Therefore, the trial court's conclusion is not consistent with the law. *See* § 16–910(b) (mandating that the trial court value and distribute all marital property).

Additionally, and perhaps because of its erroneous legal conclusion, the trial court once again failed to address and/or consider all of the relevant statutory factors required for equitably distributing the marital property. For example, the trial

court did not address the vocational skills or employability of either party, despite the statutory mandate and our clear direction to do so on remand. *See* § 16–910(b)(2) (requiring consideration of "the age, health, occupation, amount, and sources of income, vocational skills, employability, assets, debts, and needs of each party"); *Young–Jones, supra,* 905 A.2d at 278 (noting the trial court's failure to address this specific factor). Also, even though the trial court found that both parties contributed to the homemaking and childcare, it failed to address "each parties increase or decrease in income as a result of the marriage . . . or duties of homemaking and childcare." *See* § 16–910(b)(10). Moreover, with the exception of Ms. Young–Jones's ownership of the Maryland condominium, the trial court did not address her opportunity for future acquisition of assets and income. *See* § 16–910(b)(6). This was a stark contrast to the trial court's exploration of Mr. Bell's prospects.[2]

Accordingly, having concluded that the trial court erred in its legal conclusion that the marital property was the sole and separate property of Mr. Bell and not subject to equitable distribution, the trial court abused its discretion by failing to make an equitable distribution of the marital property. *See Barnes v. Sherman,* 758 A.2d 936, 942–43 (D.C.2000) (reviewing trial court's distribution of marital property for abuse of discretion). Therefore, this matter is remanded to the trial court to hold a hearing, develop the record, and equitably distribute the proceeds of the sale of the marital property consistent with this court's earlier mandate and the relevant statutory requirements.

**2.** We also find it very curious that the trial court concluded that Mr. Bell's opportunities were "limited" based on his "age, experience, training and education," when there was no

evidence presented on his training and the trial court determined that Mr. Bell was 12 years older than he testified to at the hearing before the trial court.

For the foregoing reasons, the decision of the Superior Court is

*Reversed and remanded.*